PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN ALICEA, Defendant and Appellant.

No. 3230. Argued June 5, 1928.—Decided July 10, 1928.

*González Fagundo & González Jr.* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Texidor delivered the opinion of the court.

In the present case an information was presented by the district attorney of San Juan in which it is alleged in substance that from the 13th to the 20th of February, 1926, defendant Juan Alicea was an employee of the Singer Sewing Machine Company domiciled in San Juan and that as such employee he was authorized to sell machines and collect the selling price under the obligation to render accounts and deliver the money to the company; that the defendant collected $284.70 and appropriated it to his own use for purposes other than those pertaining to his employment, with intent to defraud, as he did defraud, the said company to which the money belonged.

The defendant pleaded not guilty. The case was tried and the court found the defendant guilty of embezzlement and sentenced him to one year in the penitentiary at hard labor. This is an appeal taken from that judgment.

As the first error the appellant assigns the admission in evidence of a contract between the defendant and the company. The contract was exhibited at the trial during the testimony of Francisco Vélez who was asked how he knew that the defendant was an employee of the company and answered that he had a contract with it; whereupon the document was shown to him and he identified it as well as the signature of Juan Alicea which appears thereon. The defense objected on the ground that it was necessary to show

the authority of the manager who signed the contract and that it was made according to the by-laws of the corporation. And now the appellant contends that as the witness did not identify the signature of manager Terry, there is no satisfactory proof of the contract and the relationship of principal and agent.

According to section 87 of the Law of Evidence, any writing may be proved by any one who saw the writing executed and also by a subscribing witness. Vélez appears as having signed the said document as a witness and identified his own signature, that of another witness and that of the defendant. As to the contract, Vélez witnessed it and testified to its execution.

The defendant testified that he was an agent of the Singer Sewing Machine Company, but explained his acts in a different way from that presented by the prosecution.

No error can be found in the admission of that evidence.

The second assignment is that the court erred in admitting in evidence the receipt books of the company showing the stubs of the different receipts which amount to $284.70 of the fraudulent appropriation of which defendant Alicea is accused.

The receipt book of the company, according to the testimony of Francisco A. Vélez, was given to the defendant for the collection of sums from several persons during the week between the 13th and the 20th of February, 1926. The stubs and the signature of the defendant were identified by the witness and their admission is not error.

The third error assigned refers to the strength and weight of the evidence in relation to the judgment.

From the evidence taken as a whole, and in connection with the elements of proof, it appears that the information in the present case is fully justified. No showing has been made of passion, partiality, prejudice or manifest error on the part of the court.

The judgment appealed from must be affirmed.